IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARION BEASLEY EL, JR., )
 )
            Petitioner, )
 )
      v. ) 1:11CV524
 )
ALVIN W. KELLER, JR., )
 )
            Defendant. )

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Petitioner's Motion for Statute Merchant & Bond of Merchant or Bond of Record pursuant to the Uniform Commercial Code (Docket Entry 4) and sua sponte based on Petitioner's failure to comply with the Court's Orders dated July 5, 2011, and September 7, 2011 (Docket Entries 2, 3) that directed him to pay the required $5.00 filing fee. Both Orders specifically warned Petitioner that a failure to comply within the allotted time would result in dismissal of the action without prejudice. (Docket Entry 2 at 2; Docket Entry 3 at 1.) The Clerk mailed both Orders to Petitioner at the address he had used to communicate with the Court and said mailing apparently went through, as the Docket reflects no return by the United States Postal Service; Petitioner, however, failed to comply. (See Docket Entries dated July 5, 2011, to present.) Instead, Petitioner filed his incomprehensible instant Motion (Docket Entry 4) and two equally incomprehensible "Notices" (Docket Entries 5, 6).

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, appellant failed to respond to [two] specific directive[s] from the [C]ourt." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action without prejudice.

In making this recommendation, the undersigned United States Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant [or, in this case, respondent]; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Petitioner bears sole responsibility for the instant non-compliance, his inaction prejudices respondent's right to disposition of this action in a timely fashion, Petitioner has failed to comply with two of the Court's Orders in this case and has a history of failing to pay filing fees or to submit proper requests to proceed as a pauper and of making frivolous filings, see Beasley v. North Carolina, No. 1:11CV519, at 1-2 (M.D.N.C. June

30, 2011) (unpublished); Beasley v. North Carolina, No. 1:07CV577, at 1-2 (M.D.N.C. Aug. 1, 2007) (unpublished), aff'd, slip op. (M.D.N.C. Oct. 24, 2007); Beasley v. County of Forsyth, No. 1:07CV457, at 1-2 (M.D.N.C. June 15, 2007) (unpublished), appeal dismissed, slip op. (4th Cir. Nov. 21, 2007); Beasley v. Pierce, No. 1:05CV849, at 1 (M.D.N.C. Sept. 26, 2005) (unpublished),[1] and no other sanction appears feasible or sufficient.

Moreover, in assessing the propriety of dismissal, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d 93, 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Statute Merchant & Bond of Merchant or Bond of Record pursuant to the Uniform Commercial Code (Docket Entry 4) is **DENIED**.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

                                                /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                    **United States Magistrate Judge**

November 1, 2011

---

[1] Indeed, Plaintiff has made sufficient frivolous and legally insufficient filings to have now earned a ban on pauper status under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). See Beasley v. North Carolina Dep't of Corr., No. 1:11CV446, at *1-2 (M.D.N.C. June 3, 2011) (unpublished).